Colcock, J.
Neither the plea o(nil kaluit in tenc< mentis — nil demisit, nor nenpassa can be pleaded* to covenant for rent on indenture; for it operates as an estoppel; but the estoppel only exists during the continuance of the occupation of the tenant; and if he be ousted by a paramount title he may plead it. As a lessee by indenture cannot plead nil Jiabuit in tenements, it follows that an outstanding title alone will not discharge him. He must be evicted, or prevented from enjoying the thing demised, by virtue of that title; and he must set out the title in his plea, and shew particularly how it arises.
The defendant has pleaded a paramount title, and al-ledges that the person having that title was in possession and refused to deliver up the possession. If the plea be true, it affords a sufficient bar; for the possession of the person having title and his refusal to deliver up the possession is tantamount to an eviction. (Story’s Pleading, 170—note and authorities.) Is is not necessary for the plaintiff to alledge entry. On an indenture the rent is due on the lease and not on the occupation, (2 Chitty’s Pleading, 194, n. 1 Saund, 03, n. 1 Com. Dig. Tit. Pleader, 2 w 14, Doug. 455, and the lessee is liable for rent without occupation. (3 Term Rep, 441, 442) Eviction suspended the rent. (1 Selwyn’s JST. P-539.)
*217 it it not necessary in this case to follow the learned s-.oi.inse! through all the arguments and authorities which he has produced, to shew that the contract of Maverick with Hunter was not a lease. It is clear that no particular words'^ are necessary to constitute a lease, but there must be an in-' terest in the freehold conveyed. Now here was an express contract for the personal services of Hunter, giving him no interest in the soil; and had he died his executor would have had no power to enter. There would have been an end to the contract. He was to take charge of the farm and manage it in the best manner. There is no stipulation that he shall live on it, or be found in provisions; much less that he shall exclusively occupy any part of it. His intrusion was illegal, and the lessee, Gibbs, had the same right to expel him from the house, as if he had been a stranger.
The plea of the defendant can not therefore be supported- It would be allowing the misconduct of Hunter to injure Maverick, which the law will not permit. In such a case as the present, nothing but an outstanding paramount title would have availed the defendant. Again, the defendant took the lease with a knowledge of Hunter’s situation, and agreed to find him with provisions, so that if his right had been such as legally to conflict with the defendants, it might have been doubted whether the defendant could have taken advantage of the circumstance. It was certainly an improvident bargain, and attended with unpleasant circumstances, but that does not warrant the interference of the court. There must be a new trial.
T he motion is granted.
Harrison for the motion.
Davis and Earle contra,